UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 3:20CR172 (MPS) |
| v. | : | |
| | : | |
| ANTWANE WILLIAMS-BEY | : | January 10, 2022 |

**GOVERNMENT'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT PRETRIAL MOTIONS**

The Government respectfully submits this memorandum of law in opposition to the defendant's motion to dismiss and motion for bill of particulars. *See* Doc. Nos. 35 and 36.

**I.    Introduction and Background**

On September 24, 2020, a Hartford grand jury returned a one-count indictment charging Antwane WILLIAMS-BEY with causing death through the use of a firearm – premeditated murder, in violation of Title 18, United States Code, Section 924(j)(1). More particularly, the indictment alleges:

> *On or about August 12, 2013, in the District of Connecticut, the defendant ANTWANE WILLIAMS-BEY, also known as "Buck," during and in relation to and in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States, to wit: Possession with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 841(a), and Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, with malice aforethought, did unlawfully kill Valentin Santos Jr. willfully, deliberately, maliciously and with premeditation.*
>
> *In violation of Title 18, United States Code, Section 924(j)(1).*

In separate motions, dated December 17, 2021, the defendant moves to dismiss the

indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B)(2) and (3) on the basis that: 1) the indictment fails to "properly charge an offense" as Section 924(j) of Title 18 is only a penalty provision; 2) even if Section 924(j) is properly charged, the indictment improperly combines the "in furtherance" and "during and in relation to" language; and 3) the indictment is defective because it fails to charge an underlying "crime of violence" or "drug trafficking crime." *See* doc. no. 35, at 1-2. In his motion for bill of particulars, the defendant requests the government to: 1) identify the firearm used in the murder: 2) identify the controlled substances and with whom the defendant conspired; 3) particularize the date of the drug crime alleged in the indictment; 4) particularize how the firearm furthered the drug trafficking crime; and 5) particularize how the death of the victim was in furtherance of the drug trafficking crime. *See* doc. no. 36, at 1.

For the reasons set forth herein, the defendant's motions should be denied.

## II. Motion to Dismiss

### A. **<u>Legal Standard</u>**

"[A]an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Id*.; *see also* Fed. R. Crim. P. 7(c) ("The indictment or information must be a plain, concise, and definite written statement of the essential facts

constituting the offense charged[.]"). "An indictment, however, need not be perfect, and common sense and reason are more important than technicalities." *United States v. De La Pava*, 268 F.3d 157, 162 (2d Cir. 2001); *see also United States v. Goodwin*, 141 F.3d 394, 401 (2d Cir. 1997) ("[T]he precision and detail formerly demanded are no longer required, imperfections of form that are not prejudicial are disregarded, and common sense and reason prevail over technicalities.").

"An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 6868, 693 (2d Cir. 1992). "Generally, to withstand a motion to dismiss, 'an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" *United States v. Elder*, Dkt. No. 18-CR-92 (WFK), 2021 WL 4129153, at *3 (E.D.N.Y. August 25, 2021) (quoting *United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008)).

Section 924(j) provides in pertinent part: "A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall-- (1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life." 18 U.S.C. § 924(j)(1). Section 924(c) provides, in pertinent part: "any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime,

possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" commits a crime. 18 U.S.C. § 924(c)(1)(A).

B. **Discussion**

   1. **Section 924(j) is a Discrete Crime**

The defendant first argues that § 924(j) is a not a stand-alone crime but a sentencing enhancement for a violation of § 924(c) and that the indictment is deficient because it fails to cite § 924(c), or any of its subsections. *See* ecf. no. 35-1, at 6-9. The defendant concedes that whether § 924(j) stands alone as a discrete crime an open question. *Id.* At 7. Indeed, the defendant acknowledges that most circuits have held that § 924(j) is a discrete offense. *Id.*, at 9. Nevertheless, the defendant requests this Court to rule on the issue to preserve its claim for a possible appeal. *See id.*

The government submits that § 924(j) is a discrete crime, but even if § 924(j) is only a sentencing enhancement, dismissal of the indictment is unwarranted. Most recently, the Tenth Circuit, in a unanimous decision, in *United States v. Melgar-Cabrera* abrogated its previous ruling in *United States v. Battle*, 289 F.3d 661 (2002), in concluding that § 924(j) was a discrete crime. 892 F.3d 1053, 1060 and n. 3 (10th Cir. 2018). In overruling *Battle*, *Melgar-Cabrera* acknowledged that in *Battle* it had not considered the recently decided Supreme Court decision in *Apprendi*, which held that "'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and, proved beyond a reasonable doubt.'" 892 F.3d at 1059 (quoting *Apprendi*, 530 U.S. 466, 491 (2000)). *Melgar-Cabrera* cited favorably *United States v. Julian*, 633 F.3d 1250 (11th Cir. 2011). *Julian* similarly relied on *Apprendi* in holding that § 924(j) constitutes a discrete crime because consistent with *Apprendi* "[s]ection 924(j) increases the maximum

3

penalty a defendant may receive beyond the sentence applicable to a defendant found to have violated only the elements listed in section 924(c)[,]" which is life, whereas a sentence of death may be imposed under § 924(j). 633 F.3d at 1255.

While the Second Circuit has not squarely addressed this issue, in *United States v. Young*, the Court explained that "§ 924(j)'s authorization of the death penalty and life imprisonment likely indicates that it is a stand-alone offense whose elements must be found by a jury beyond a reasonable doubt[.]" 561 Fed. Appx. 85, 94 (2d Cir. 2014). *See also United States v. Berrios*, 676 F.3d 118, 142, n.17 (3rd Cir. 2012) ("locating § 924(j) in a wholly separate subsection rather than integrating it into § 924(c), strongly suggest that Congress intended the death of a person to be considered an element of a discrete offense—an offense provided by § 924(j)").

Even if § 924(j) does not constitute a discrete crime, dismissal is unwarranted because the indictment sufficiently alleges a federal crime committed by the defendant. "The dismissal of an indictment is an extraordinary remedy reserved only for extremely limited circumstances implicating fundamental rights." *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001) (internal quotations omitted). First, the indictment carefully tracks the language of the statute. More particularly, it alleges that the defendant committed violations of 21 U.S.C. §§ 841(a) and 846, and that during and in relation to, and in furtherance of, those offenses, the defendant did knowingly and intentionally cause the death of another, which death was murder as defined by 18 U.S.C. § 1111(a). The indictment further alleges that the murder was with malice aforethought, and committed willfully, deliberately, maliciously and with premeditation. Second, the indictment also alleges sufficient facts to enable the defendant to plead double jeopardy in a future prosecution as it provides a specific date (August 12, 2013) and the name of the victim (Valentin Santos, Jr.).

Moreover, simply because there is no specific reference to § 924(c) does not mean dismissal is justified. Even though the defendant is not charged with a stand-alone drug trafficking crime under 18 U.S.C. § 924(c), because the statute of limitations has expired, the indictment alleges those drug trafficking crimes committed by the defendant and that § 924(j) specifically requires that the death was caused "in the course of a violation of subsection (c)." Thus, the defendant is clearly on notice that he is alleged to have violated subsection (c), and (j), of § 924. And the government fully acknowledges that to prove the defendant guilty of the charged offense, it must prove beyond a reasonable doubt that the defendant committed the murder during and in relation to the underlying drug trafficking crime charged in the indictment. *See United States v. Wallace*, 447 F.3d 184, 187 (2d Cir. 2006) (to prove a violation of 924(j), the government must prove: "(1) that [the defendant] committed the predicate drug trafficking offense, (2) that during and in relation to that underlying offense [the defendant] knowingly used or carried a firearm and, (3) that in the course of using that firearm [the defendant] murdered [the victim].").

### 2. Indictment is not Duplicitous

The defendant alternatively argues that the indictment is defective because it alleges "two different theories of liability" when it alleged that the death of the victim was "during and in relation to *and* in furtherance" of the drug trafficking crimes. *See* ecf. 35-1 at 10 (emphasis added). The use of both phrases, the defendant argues, "suggests two different § 924(c) offenses" and that the indictment "joins these two separate offenses[.]" *Id.*, at 10-11. The defendant argues further that "whether or not this is duplicitous, it creates an offense that is not cognizable under § 924(c)(1)(A)." *Id.* at 11. Relying exclusively on *United States v. Combs*, 369 F.3d 925 (6th Cir. 2004), the defendant argues that by combining the "furtherance" and "during and in relation to"

language in the same count the indictment "fail[s] to charge [him] with any codified crime." *Id.*, at 12, quoting *Combs*, at 934. In *Combs*, the government and the district court confused the elements of the two offenses criminalized by 18 U.S.C. § 924(c) . . . [and] any attempt to unwind the mismatched elements of the statutory prongs in the indictment, the jury instructions, and the conviction, exposes the hopelessly 'jumbled mess' that resulted." *Id.*, at 933-934. This indictment is not the "jumbled mess" that *Combs* had to unravel.

In contrast to *Combs*, the Ninth Circuit, in *United States v. Arreola*, 467 F.3d 1153, 1160 (9th Cir. 2006), held that the two phrases in § 924(c)(1)(A) are alternative *means* to committing the crime, thus explicitly rejecting *Combs*, noting the potential for "absurd" "multiple punishment" for a defendant who violates both the possession and the use or carry clauses for "one contiguous act." The Second Circuit has not directly addressed the issue, but the Court in *United States v. Jackson* signaled 924(c) codifies alleged means, not separate crimes:

> Although we do not reach the question of whether section 924(c) creates multiple offenses, we have held that [w]here there are several ways to violate a criminal statute ... federal pleading requires ... that an indictment charge [be] in the conjunctive to inform the accused fully of the charges. A conviction under such an indictment will be sustained if the evidence indicates that the statute was violated in any of the ways charged.

513 Fed. Appx. 51, 54 (2d Cir. 2013) (internal quotations omitted); *see also United States v. Davis*, 491 Fed. Appx. 219, 224 (2d Cir. 2012) (acknowledging the circuit split on whether 924(c) contained separate crimes or means and concluding that "it was not plainly erroneous for the indictment to charge use, carrying, and possession as different means to commit a single offense" [and] "not plainly erroneous for the district court to charge these means in the disjunctive").

Some district courts within the Circuit have followed *Jackson*'s cue. "The Second Circuit has explained that '[w]here there are several ways to violate a criminal statute,' *as is the case with Section 924(c)*, 'federal pleading requires ... that an indictment charge [be] in the conjunctive to inform the accused fully of the charges.'" *United States v. Barret*, No. 10-cr-809 (KAM), 2011 WL 6780901, *2 (E.D.N.Y. November 27, 2011) (quoting *United States v. Mejia*, 545 F.3d 179, 207 (2d Cir. 2008)) (emphasis added); *see, e.g., Johnson v. United States*, No. 09 Civ. 5554 (PAE), 2013 WL 103174, *6 (S.D.N.Y. January 9, 2013) ("using, carrying, and brandishing a firearm are merely three means of committing a violation of 18 U.S.C. § 924(c)"); *United States v. Montalvo*, No. 11-CR-366-RJA-JJM, 2014 WL 3894377, at *5 (W.D.N.Y. Apr. 16, 2014), *report and recommendation adopted*, No. 11-CR-366-A, 2014 WL 3894383 (W.D.N.Y. Aug. 8, 2014) ("Second Circuit has also suggested that it would reach a similar conclusion" that 924(c) charges alternative means). *See also* Fed. R. Crim. P. 7(c)(1) ("A count may allege that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means.").

Even if § 924(c)(1)(A) charges separate crimes, dismissal for duplicity (even though the defendant's do not specifically make this claim) is unwarranted. "Duplicity . . . is only a pleading rule and would in no event be fatal to the count." *United States v. Droms*, 566 F.2d 361, 363, n.1 (2d Cir. 1977); *see also United States v. Pirk*, 267 F. Supp.2d 406, 431 (W.D.N.Y. 2017) (motion to dismiss denied claiming duplicity under § 924(c) as it is a "pleading rule"); *Montalvo*, at *5 (same). Even *Combs*, the singular case relied on by the defendant, did not hold that a dismissal was warranted at the pleading stage. As already articulated herein, the indictment easily comports with the constitutional and statutory pleading requirements under Rule 7(c).

7

### 3. Predicate § 924(c) Offense is not Required

Lastly, the defendant argues that § 924(j) obligates the government to charge a predicate offense under § 924(c). *See* ecf. no. 35-1, at 12. The defendant acknowledges that his argument was already rejected by *Johnson v. United States*, 779 F.3d 125, 129-130 (2d Cir. 2015), yet nevertheless asks this Court to overrule this precedent. Before answering the question of "whether a § 924(c) conviction requires that the defendant be charged with and convicted of the predicate crime," *Johnson* noted that "[e]very circuit court to have considered the issue has concluded that § 924(c) does not require the defendant to be convicted of (or even charged with) the predicate crime, so long as there is legally sufficient proof that the predicate crime was, in fact, committed." *Id.*, at 129. *Johnson* "join[ed] that consensus." *Id.*

> The plain language of § 924(c) requires only that the predicate crime of violence (or drug trafficking) have been committed; the wording does not suggest that the defendant must be separately charged with that predicate crime and be convicted of it.

*Id.* at 129-130.

Accordingly, for the foregoing reasons, the defendant's motion to dismiss should be denied.

### III. Motion for Bill of Particulars

The defendant alternatively seeks an order directing the government to provide a bill of particulars. In support of his motion, the defendant argues that "neither the indictment nor the discovery provided to date adequately informs the defendant of what firearm he is alleged to have possessed and/or used" or the members of the drug conspiracy or what "controlled substance was involved." *See* ecf. no. 36-1, at 5. The defendant acknowledges that the discovery has revealed that

8

he and the victim were drug dealers, and that the defendant is alleged to have killed the victim. *Id.* At the least, the defendant argues, the government should articulate the "particulars" about the "some of what will be supplied by" a cooperating witness. *Id.*, at 6.

### A. <u>Legal Standard</u>

A request for a bill of particulars is appropriately granted only where necessary to inform a defendant of the charges against him with sufficient precision to enable him to prepare his defense; to avoid or minimize the danger of surprise at trial; or to enable him to plead his acquittal or conviction in bar of further prosecution for the same offense when the indictment itself is too vague for such purposes. *See Wong Tai v. United States*, 273 U.S. 77, 82 (1927); *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). The inquiry is not whether the information sought would be useful to the defendant, but instead whether it is necessary to the defense. *See United States v. Guerrerio*, 670 F. Supp. 1215, 1224 (S.D.N.Y. 1987). A bill of particulars is not a device for discovery or one by which the government is required to state its legal or evidentiary theory as to how a defendant committed specific criminal acts. *See United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974). Furthermore, because a bill of particulars "confines the Government's proof to the particulars furnished, requests for a bill of particulars should not be granted where the consequence would be to restrict unduly the Government's ability to present its case." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd without opinion*, 875 F.2d 857 (2d Cir. 1989). The decision to grant a request for a bill of particulars rests within the sound discretion of the district court. *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984).

In *United States v. Barnes*, the Second Circuit held that the district court "has the discretion to deny a bill of particulars if the information sought is provided in the indictment or in some

acceptable alternate form." 158 F.3d 662, 665 (2d Cir. 1998) (citing *Bortnovsky*, 820 F.2d at 574). Similarly, in *United States v. Torres*, the Second Circuit affirmed the district court's denial of a bill of particulars seeking, among other things, the names of the co-conspirators in a narcotics conspiracy. 901 F.2d 205, 233-34 (2d Cir. 1990). There, the Second Circuit observed that the indictment adequately advised the defendant of the charged offenses, and that the defendant had received from the government a "wealth of evidentiary detail," including electronic intercepts, search evidence, supporting affidavits, and arrest and incident reports. *See id.*; *see also United States v. Paris*, No. 3:06CR64 (CFD), 2007 WL1158117, at *1 (D. Conn. Apr. 18, 2007) ("Even if the indictment does not fully give notice of the charges, a bill of particulars is still not necessary if the government provides the required notice in some acceptable alternative form.") (internal citations and quotations omitted).

### B. Discussion

The indictment tracks the statutory language, identifies the date on which the criminal activity is alleged, and otherwise comports with Rule 7, and Second Circuit precedent. The defendant wants more, of course, but his request is directed to discovering the government's theory of the case and information that is more appropriately the subject of discovery. As much as the defendant would like the government to formalize its evidence and theory of the case before trial, that is not required under Rule 7.

Moreover, the defendant has received discovery more than adequate to apprise him of the charge, minimize the danger of unfair surprise, and protect his rights under the Double Jeopardy Clause. *See Bortnovsky*, 820 F.2d 572, 574. The defendant has received discovery consisting of Hartford Police Reports, FBI 302 reports, scientific forensic reports, witness statements, call detail

records, cell site records, and grand jury transcripts. Those records and reports document drug activity by the defendant and the victim, including evidence of their collective drug activity, seizures of drugs from the defendant, scientific reports associated with the defendant and drugs seized, witness statements regarding the drug involvement by the defendant and the victim, and very particular details of the victim's murder.

Accordingly, the defendant's motion for a bill of particulars should be denied.

## IV. Conclusion

For the reasons set forth above, the defendant's motions to dismiss and for a bill of particulars should be denied.

Respectfully submitted,

LEONARD C BOYLE
UNITED STATES ATTORNEY

*/s/ Brian P. Leaming*
BRIAN P. LEAMING
ASSISTANT UNITED STATES ATTORNEY
450 Main Street
Hartford, CT 06103
(860) 947-1101
Federal Bar No. ct16075

CERTIFICATE OF SERVICE

      I hereby certify that on January 10, 2022, a copy of the foregoing Government's Response was filed electronically, and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

        /s/ *Brian P. Leaming*
        BRIAN P. LEAMING
        ASSISTANT UNITED STATES ATTORNEY